Weygandt, C. J.
 

 Two questions of law are here presented.
 

 The first is whether the defense' of
 
 ultra vires
 
 is still available to a fraternal benefit society incorporated not for profit under the provisions of Sections 9462
 
 et seq.,
 
 General Code.
 

 The plaintiff claims that this doctrine has been completely eliminated from Ohio law by virtue of the General Corporation Act of 1927 (112 Ohio Laws, 9). Specifically, he relies upon the following three paragraphs of Section 8623-8, General Code:
 

 “Every corporation of this state, heretofore or hereafter organized, shall have the capacity possessed by natural persons to perform all acts, within or without this, state * * *
 

 “The articles shall constitute an agreement by the directors and officers with the corporation that they will confine the acts of the corporation to those acts which are authorized by the statement of purposes and within such limitations and restrictions as may be imposed by the articles.
 

 “No limitation on the exercise of the authority of the corporation shall be asserted in any action between the corporation and any person, except by or on behalf
 
 *468
 
 of the corporation against a director or an officer or a person having actual knowledge of such limitation. ’ ’
 

 He well might mention also Section 8623-99, General Code, which provides that corporations shall have the “capacity possessed by natural persons to perform all acts within or without this state not repugnant to law.” On page 1126 of Volume 10, Ohio Jurisprudence, appears the following comment with reference to this language:
 

 “Thus, is the doctrine of ultra vires abolished also with respect to corporations not for profit, for they, under the above provision, are vested ‘with capacity possessed by natural persons’ to perform all acts not repugnant to law.”
 

 However, assuming without deciding the correctness of this' statement, a careful study of the statutes relating to corporations plainly discloses that the foregoing two sections cannot be relied upon to furnish the answer to this question.
 

 It is readily apparent that the recently enacted “corporation code”, Sections 8623-1 to 8623-138 (112 Ohio Laws, 9), is a
 
 general
 
 corporation act. It is so designated in Section 8623-1.
 

 Equally obvious is the fact that Sections 8623-1 to 8623-96 relate
 
 generally
 
 to corporations for profit, and that Sections 8623-97 to 8623-116 pertain
 
 generally
 
 to corporations not for profit. There should be no doubt upon this point after observing the significant language of Sections 8623-3, 8623-97 and 8623-132, none of which is considered either in the plaintiff’s brief or in the majority opinion of the Court of Appeals. The first of these sections contains this language:
 

 “* # * provided that where the General Code makes special provision for the filing of articles of incorporation of designated classes of corporations, such corporations shall be formed under such provisions and not hereunder.”
 

 The second discloses the following proviso:
 

 
 *469
 
 “* * * provided that where the General Code makes special provision for the filing of articles of incorporation of designated classes of corporations not for profit, snch corporation shall be formed under such provisions and not hereunder.”
 

 The third reads as follows:
 

 “When special provision is made in the General Code for the incorporation, organization, conduct or government of corporations formed for any specified purpose, this act shall not apply, but the special provision shall govern unless it clearly appears that the special provision is cumulative.”
 

 But any possible remaining doubt is removed completely by the inescapable language of Section 9465, General Code (102 Ohio Laws, 534), which is likewise not mentioned either in the brief of the plaintiff or in the majority opinion of the Court of Appeals:
 

 “Except as herein provided, such societies shall be governed by this act, and shall be exempt from all provisions of the insurance laws of this state, not only in governmental relations with the state, but for every other purpose, and no law hereafter enacted shall apply to them, unless they be expressly designated therein.”
 

 This section is commented upon in 29 Ohio Jurisprudence, 157, where the subject of fraternal benefit societies is treated specifically, while the work on corporations in general appears in Volume 10.
 

 The purpose clause of the defendant corporation expressly states that it is incorporated under Section 9462, General Code, and the kindred sections relating to fraternal benefit societies. It is not contended that the defense of
 
 ultra vires
 
 is abolished by any of these sections. This court is therefore of the view that under proper circumstances this defense is still available to such incorporated fraternal benefit societies.
 

 The second question of law here presented is whether
 
 *470
 
 the facts disclosed by the record in this case are such as to permit recovery by the plaintiff in view of the interposed defense of
 
 ultra vires.
 

 A most helpful source of information on this subject should be the purpose clause of the articles of incorporation, which reads as follows:
 

 “Said corporation is formed for the purpose of promoting sociability among its members, cultivating patriotism and love of country, assisting financially its members in sickness and distress, and in case of death to assist the families of deceased members by carrying on a fraternal benefit society as defined by Section 9462 of the General Code of Ohio without capital stock, solely for the mutual benefit of its members and their beneficiaries, and not for profit, having a lodge system with ritualistic form of work and representative form of government and providing for. the payment of benefits in accordance with Section 9491 of the General Code of Ohio, which death benefits do not exceed the sum of $300.00 to any one person and disability benefits do not exceed $300.00 in any one year to any one person, and issuing no insurance certificates and exercising all the corporate powers conferred upon fraternal benefit societies by the General Code of Ohio in accordance therewith, and in accordance with the constitution, laws, rules and regulations of said corporation.”
 

 Then too, article 14 of the constitution of the society contains the following language relating to the use of its funds:
 

 “The society funds cannot be touched for any reason except for the payment of benefits to sick members: administrative expenses exceeding the monthly receipts and extraordinary expenses, must be voted by the general assembly (of the society).”
 

 The plaintiff places especial reliance upon the phrase, “assisting financially its members in sickness
 
 *471
 
 and distress. ’ ’ He contends that
 
 ‘1
 
 distress ” is a word of sufficient comprehensiveness to connote the status of one charged with crime. However, no authorities are cited to the effect that similar language has ever been construed as authorizing the payment of attorney fees for the defense' of a member of such a society. But pertinently, Section 9466, General Code, relating to the payment of benefits, employs the following narrow and specific expression:
 

 “Every society transacting business under this act shall provide for the payment of death benefits, and may provide for the payment of benefits in case of temporary or permanent physical disability, either as the result of disease, accident or old age; provided, the period of life at which the payment of benefits for disability on account of old age shall commence, shall not be under seventy years, and may provide for monuments or tombstones to the memory of its deceased members, and for the payment of funeral benefits.”
 

 Likewise this court finds itself unable to accept the plaintiff’s view of article 14 of the constitution of the society. In unambiguous language it provides that “The society funds cannot be touched for any reason except for the payment of benefits to sick members”. However, the plaintiff insists that this is greatly broadened by the clause to the effect that “administrative expenses exceeding the monthly, receipts and extraordinary expenses, must be voted by the general assembly”. He relies strongly upon the phrase “extraordinary expenses”. But it hardly seems reasonable to hold that by mere implication the constitution was intended to be violative of the statute and purpose clause in respect to benefits.
 

 In conformity with the foregoing views it is apparent that the judgments of the lower courts must
 
 *472
 
 be reversed and final judgment entered for the defendant.
 

 Judgments reversed.
 

 Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.